IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| BETTY LOU ANDERSON, | ) | Case No. 09-51204-RWK |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| NATIONAL CAPITAL MANAGEMENT, LLC, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BETTY LOU ANDERSON, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HERBERT L. BESKIN, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

**NATIONAL CAPITAL MANAGEMENT, LLC's**
**MOTION FOR RELIEF FROM THE CODEBTOR STAY**

National Capital Management, LLC, ("NCM"), as successor-in-interest to Santander Consumer USA Inc., as successor-in-interest to HSBC Auto Finance Inc., by counsel, hereby moves that this Court enter an order granting NCM relief from the co-debtor stay pursuant to Bankruptcy Code § 1301(c)(3). In support of this motion, NCM respectfully states as follows:

---

Richard D. Scott (Va. Bar No. 44527)
Law Office of Richard D. Scott
302 Washington Avenue, SW
Roanoke, Virginia 24016
(540) 400-7997
(540) 491-9465 (Facsimile)
richard@rscottlawoffice.com
Counsel for National Capital Management, LLC

1.  This Court has jurisdiction over the matters herein alleged pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157 and is a contested matter under Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

2.  On December 1, 2007, Betty L. Anderson (the "Debtor") and Robert Anderson borrowed money from, and, in exchange, executed and delivered to HSBC Auto Finance Inc. ("HSBC") a Retail Installment Sale Contract and security agreement in the original principal amount of $30,154.41. At that same time, the Debtor and Robert Anderson granted to HSBC a purchase money security interest in a 2008 Hyundai Sonata, vehicle identification number 5NPET46F28H366489 (the "Sonata"), with such lien information being thereafter noted on the Commonwealth of Virginia Certificate of Title. Attached hereto as "Exhibit A" are copies of the promissory note and the Certificate of Title.

3.  On July 31, 2009 the Debtor commenced the instant Chapter 13 case and at the same time filed a Chapter 13 plan. (Docket No. 3) Robert Anderson, a co-borrower on the promissory note and co-owner of the Sonata, is not a debtor in this case.

4.  On January 20, 2010, the Debtor filed a proof of claim on behalf of HSBC. (ECF Claim No. 7-1, hereinafter referred to as "Claim 7-1") The face amount of the proof of claim filed by the Debtor – $13,500 – is materially less than $27,135.52, the actual amount owing at that time.

5.  HSBC sold, transferred and otherwise assigned to Santander Consumer USA Inc. ("Santander") all of its right, title and interest in the promissory note along with its corresponding security interest in the Sonata. On May 13, 2011, Santander assigned to NCM all of its right, title and interest in Claim 7-1 by filing transfer documents with the Court pursuant to Fed. R. Bankr. P. 3001 (e)(2) (Docket No. 47).

6. On October 20, 2009 the Debtor's Chapter 13 plan was confirmed by an order of this Court. (Docket No. 16) Paragraph 5(a) of that confirmed plan provides for the Debtor to make direct-to-creditor payments on the Hyundai Sonata claim.

7. Bankruptcy Code § 1301(a) imposes a stay that protects a person who is liable with the debtor on a consumer debt. A creditor who is prevented from acting against a co-debtor under this section is entitled to relief if "such creditor's interest would be irreparably harmed by continuation of such stay." *See* § 1301(c)(3). A creditor's interest, for instance, "would be irreparably harmed" if the co-debtor stay places the creditor in danger of suffering a loss due to an "unreasonable risk of dissipation of assets which may be used to pay its debt." *See* In re Case, 148 B.R. 901, 903-904 (Bankr. W.D. Mo. 1992). A close reading of § 1301(c)(3) makes plain that it is not necessary to demonstrate that a creditor's interest *is* in jeopardy, but only that such interest *would be* harmed. *See* In re Williams, 374 B.R. 713, 715 (Bankr. W.D. Mo. 1997) ("[T]he creditor must demonstrate that some event occurred *or is likely to occur* that will impair its ability to recover from the co-debtor and that immediate action is necessary to prevent this harm.") (emphasis added). *See also* Id. at 904 (lifting the co-debtor stay in order "to protect the creditor from *potential* loss") (emphasis added). In other words, § 1301(c)(3) is designed to protect a creditor's interest against potential risk; its operation is prospective.

8. Payments are not being made to NCM. As it stands, the Debtor is four months in arrears with her direct-to-creditor payments, and the total delinquency is not less than $2,630.72. NCM's collateral, the Sonata, is continually depreciating and possibly uninsured at a time when neither the Debtor, nor Robert Anderson, are making payments. Not only does NCM find itself in a position where its interest *would be* irreparably harmed if the Sonata was, for example,

damaged or destroyed without being insured, but in a predicament where its interest *is* being irreparably harmed by the irreversible erosion of its equity cushion.

WHEREFORE, NCM requests that the Court enter an Order:

a. Granting NCM relief from the co-debtor stay pursuant to Bankruptcy Code § 1301(c)(3) so that NCM can exercise its *in rem* rights and reclaim and liquidate the 2008 Hyundai Sonata in a commercially reasonable manner and exercise its *in personam* rights against Robert Anderson;

b. Allowing NCM to amend its claim in the likely event there is a deficiency;

c. Requiring the Chapter 13 Trustee pay that deficiency claim paid pro rata and otherwise treated equally to all of the allowed, general unsecured claims in this case; and

d. Waiving the stay provision of Fed. R. Bankr. P. 4001(a)(3) with respect to the order.

## NOTICE OF HEARING ON
## MOTION FOR RELIEF FROM STAY

PLEASE TAKE NOTICE that National Capital Management, LLC ("NCM"), as successor-in-interest to Santander Consumer USA Inc., as successor-in-interest to HSBC Auto Finance Inc., by counsel, a secured creditor in the above-referenced bankruptcy action, has filed with the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division, a Motion for Relief from the Co-Debtor Stay (the "Motion").

NOTICE IS HEREBY GIVEN that the Court will conduct a hearing on this Motion on March 7, 2012 at 10:00 AM. The hearing will be held at the United States Bankruptcy Court, Harrisonburg Division, Federal Courtroom, 3rd Floor, U.S. Courthouse, 116 N. Main Street, Room 223, Harrisonburg, Virginia 22802.

Date:  February 15, 2012    NATIONAL CAPITAL MANAGEMENT, LLC


By:/s/ Richard D. Scott
Counsel


Richard D. Scott (Va. Bar No. 44527)
Law Office of Richard D. Scott
302 Washington Avenue, SW
Roanoke, Virginia  24016
(540) 400-7997
(540) 491-9465 (Facsimile)
richard@rscottlawoffice.com
Counsel for National Capital Management, LLC

## CERTIFICATE OF SERVICE

I certify that on February 15, 2012, I served a true and correct copy of the foregoing Motion for Relief from the Co-Debtor Stay to the following parties by U.S. Mail, postage prepaid, and/or by electronic mail:

>Betty Lou Anderson
>1011 Blackburn Street
>Staunton, VA  24401
>
>Robert Anderson
>6715 MillCreek Road
>Millboro, VA  24460
>
>Heidi B. Shafer
>Cox Law Group
>900 Lakeside Drive
>Lynchburg, VA  24501
>
>Herbert L. Beskin
>Chapter 13 Trustee
>P.O. Box 2103
>Charlottesville, VA  22902

I further certify that I filed the original of the foregoing Motion with the Court via the Clerk's CM/ECF electronic filing system on February 15, 2012.


/s/ Richard D. Scott